| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  11 |
|  ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Alpine Summit Energy Investors, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  86-2804428

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3322 West End Ave, Suite 450 | |
| Nashville, TN 37203 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Davidson | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)  https://www.alpinesummitenergy.com/

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor   Alpine Summit Energy Investors, Inc.                                 Case number (*if known*)
                  Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__2111__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

Official Form 201                  **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                  page 2

Debtor   Alpine Summit Energy Investors, Inc.                                Case number (*if known*)
         Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | See Schedule I | Relationship | Affiliate |
| District | Southern District of Texas | When | 7/05/23 | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   .  *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor  Alpine Summit Energy Investors, Inc.   Case number (*if known*) _____
         *Name*

**16. Estimated liabilities**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  Alpine Summit Energy Investors, Inc.                    Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/05/2023
              MM / DD / YYYY

**X** /s/ Craig Perry                                        Craig Perry
Signature of authorized representative of debtor             Printed name

Title   CEO and Chairman of the Board Alpine Summit Energy Partners, Inc.

**18. Signature of attorney**

**X** /s/ Eric M. English                                    Date 07/05/2023
Signature of attorney for debtor                                  MM / DD / YYYY

Eric M. English
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone  (713) 226-6000       Email address  eenglish@porterhedges.com

24062714 TX
Bar number and State

**Schedule I**

**Affiliated Entities**

      On the date hereof, each of the affiliate entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Ironroc Energy Partners LLC

Alpine Summit Energy Partners, Inc.

Alpine Summit Energy Investors, Inc.

HB2 Origination, LLC

Ageron Ironroc Energy, LLC

Ageron Energy II, LLC

Alpine Carbon, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALPINE SUMMIT ENERGY PARTNERS,** | § | **Case No. 23-[_____]** |
| **INC.,** *et al.* | § | |
| | § | **(Jointly Administration Requested)** |
| Debtors.[1] | § | |
| | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), attached hereto as **Exhibit A** is an organizational list reflecting all of the ownership interests in Alpine Summit Energy Partners, Inc. ("ALPS") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") . The Debtors respectfully represent as follows:

1. Each of the Debtors identified on Exhibit A is owned as depicted therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Alpine Summit Energy Partners, Inc. (3755), HB2 Origination, LLC (6760), Ageron Energy II, LLC (1436), Ironroc Energy Partners LLC (9801), Ageron Ironroc Energy, LLC (N/A), Alpine Summit Energy Investors, Inc. (4428), and Alpine Carbon, LLC (N/A). The location of the Debtors' service address is: 3322 West End Ave, Suite 450, Nashville, TN 37203.

1

**Exhibit A**

| Debtor | Equity Holder | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Alpine Summit Energy Partners, Inc. | HB2 Energy Inc. | 27.61% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| Alpine Summit Energy Partners, Inc. | CDS & Co. | 17.7% | NCI Account 300-100 Adelaide St. W Toronto, Ontario M5H 1S3 Canada |
| Alpine Summit Energy Investors, Inc. | Alpine Summit Energy Partners, Inc. | 100% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| HB2 Origination, LLC | Alpine Summit Energy Investors, Inc. | 99% Class A Shares | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| Alpine Carbon, LLC | HB2 Origination, LLC | 100% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| Ageron Energy II, LLC | HB2 Origination, LLC | 100% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| Ironroc Energy Partners LLC | HB2 Energy Inc. | 100% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |
| Ageron Ironroc Energy, LLC | Ironroc Energy Partners LLC | 100% | 3322 West End Ave, Suite 450, Nashville, TN 37203 |

RESOLUTIONS OF THE DIRECTORS
OF
ALPINE SUMMIT ENERGY PARTNERS, INC.

Dated as of July 4, 2023

The undersigned, being all of the directors of the board of directors (the "**Board**") of Alpine Summit Energy Partners, Inc. (the "**Company**") consent to the following resolutions pursuant to the provisions of the *Business Corporations Act* (British Columbia).

**FILING OF BANKRUPTCY PETITIONS**

**WHEREAS:**

A. The Board previously formed a special committee (the "**Special Committee**"), to determine, among other things, whether filing under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") would be in the best interest of the Company and its stakeholders, such determination to be made pursuant to the terms and conditions of that certain Special Committee Mandate (the "**Mandate**") effective as of March 2023.

B. The Special Committee and the Board have considered the financial and operational aspects of the Company's business.

C. The Special Committee and the Board have reviewed the historical performance of the Company, the market for the Company's products, and the current and long-term liabilities of the Company.

D. The Special Committee and the Board have, over the last several months, reviewed the materials presented by the management of the Company and the advisors to the Company regarding the possible need to restructure the Company, and have analyzed each of the strategic alternatives available to the Company and the Board, and the impact of the foregoing on the Company's business and its other stakeholders.

E. The Special Committee has recommended to the Board that it is desirable and in the best interest of the Company and certain of its subsidiaries (the "**Filing Subsidiaries**"), their creditors, employees, members and other interested parties and stakeholders that a petition be filed by the Company and each of the Filing Subsidiaries seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**RESOLVED THAT:**

1. In the judgment of the Board, as recommended by the Special Committee, it is desirable and in the best interests of the Company and the Filing Subsidiaries, their creditors, employees, members and other interested parties and stakeholders that a petition be filed by the Company and each of the Filing Subsidiaries seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

2. Upon the filing of the petitions by the Company and each of the Filing Subsidiaries seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, the dissolution of the

        Special Committee and the termination of its duties pursuant to the Mandate be, and hereby are approved, ratified, adopted and confirmed.

3. The officers of the Company and each of the Filing Subsidiaries be, and each of them hereby is, authorized on behalf of the Company and each of the Filing Subsidiaries to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such officer deems necessary, desirable and proper in connection with the Company's and each of the Filing Subsidiaries' Chapter 11 cases, with a view to the successful prosecution of such case.

4. The officers of the Company and each of the Filing Subsidiaries, on behalf of the Company and each of the Filing Subsidiaries, are authorized, empowered and directed to retain the law firm of Porter Hedges LLP ("**Porter Hedges**") as bankruptcy counsel to represent and assist the Company and each of the Filing Subsidiaries in carrying out their respective duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's and each of the Filing Subsidiaries' rights in connection therewith, and the officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Porter Hedges.

5. The officers of the Company and each of the Filing Subsidiaries, on behalf of the Company and each of the Filing Subsidiaries, are authorized, empowered and directed to retain the services of Houlihan Lokey Capital, Inc. and its affiliates ("**Houlihan**") as the Company's and each of the Filing Subsidiaries' investment banker to represent and assist the Company and each of the Filing Subsidiaries in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and each of the Filing Subsidiaries' rights and obligations, and in connection therewith, the officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Houlihan.

6. The officers of the Company and each of the Filing Subsidiaries, on behalf of the Company and each of the Filing Subsidiaries, are authorized, empowered and directed to retain the services of Huron Consulting Services LLC and its affiliates ("**Huron**") as the Company's and each of the Filing Subsidiaries' financial advisor to represent and assist the Company and each of the Filing Subsidiaries in carrying out their respective duties under the Bankruptcy Code, to provide the Company and each of the Filing Subsidiaries with a Chief Restructuring Officer, a Deputy Chief Restructuring Officer and other additional personnel as required, and to take any and all actions to advance the Company's and each of the Filing Subsidiaries' rights and obligations, and in connection therewith, the officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Huron and the representatives of Huron named below as Chief Restructuring Officer and Deputy Chief Restructuring Officer, respectively.

7. The Board hereby elects Ryan Bouley as Chief Restructuring Officer of the Company and Sean Clements as Deputy Chief Restructuring Officer of the Company, to hold such offices

until the earlier election and qualification of their respective successors or until their earlier resignation or removal.

8. The officers of the Company and each of the Filing Subsidiaries, on behalf of the Company and each of the Filing Subsidiaries, are authorized, empowered and directed to retain the services of Kroll Restructuring Administration LLC and its affiliates ("**Kroll**") as the Company's and each of the Filing Subsidiaries' claims, noticing and solicitation agent to represent and assist the Company and each of the Filing Subsidiaries in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and each of the Filing Subsidiaries' rights and obligations, and in connection therewith, the officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Kroll.

9. The officers of the Company and each of the Filing Subsidiaries be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company and each of the Filing Subsidiaries in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper.

10. The officers of the Company and each of the Filing Subsidiaries be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company and the applicable governing body of each of the Filing Subsidiaries, as applicable, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on the Company's and any of the Filing Subsidiaries' assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents.

11. In connection with the Chapter 11 case, the officers of the Company and each of the Filing Subsidiaries, as applicable, be, and each of them hereby is, authorized and empowered to enter into a restructuring support agreement among the applicable debtor(s) and the other parties thereto, a plan of reorganization or liquidation, as applicable, and any disclosure statements in connection therewith, and to perform the obligations of the Company and each of the Filing Subsidiaries, as applicable, contemplated thereunder.

12. The officers of the Company and each of the Filing Subsidiaries be, and each of them hereby is, authorized on behalf of the Company and each of the Filing Subsidiaries, as applicable, to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a

      successful Chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement.

13. Any one director or officer of the Company and each of the Filing Subsidiaries is hereby authorized, on behalf of the Company or such other Filing Subsidiary, as applicable, to take all such further actions and to execute and deliver all such further agreements, notices, filings, certificates, undertakings, instruments and documents, as such director or officer may determine to be necessary in order to give effect to the foregoing resolutions and to fully carry out the intent and accomplish the purpose of such resolutions.

14. Any and all actions taken by any director or officer of the Company or any of the Filing Subsidiaries prior to the adoption of these resolutions, and for the purposes described in the foregoing resolutions, are hereby approved, ratified, adopted and confirmed.

15. These resolutions may be delivered by facsimile or other electronic transmission and in one or more counterparts, and each of which when so executed and delivered shall be deemed to be an original, and shall have the same effect as the signing or execution of the original, and collectively shall constitute one and the same instrument.

*[Signature Page Follows]*

**JOINT WRITTEN CONSENT
OF THE GOVERNING BODIES
OF THE APPLICABLE SUBSIDIARY COMPANIES
OF
ALPINE SUMMIT ENERGY PARTNERS, INC.**

July 4, 2023

The undersigned identified on the signature pages hereof, acting pursuant to the applicable statutory and other legal requirement for each of the entities named below (each, a "*Company*" and collectively, the "*Companies*"):

ALPINE SUMMIT ENERGY INVESTORS, INC., a Nevada corporation;

HB2 ORIGINATION, LLC, a Delaware limited liability company;

ALPINE CARBON, LLC, a Delaware limited liability company;

ALPINE MAVERICK VI GP, LLC, a Delaware limited liability company;

HB2 MIDCO VI, LLC, a Delaware limited liability company;

ALPINE MAVERICK VII GP, LLC, a Delaware limited liability company;

HB2 MIDCO VII, LLC, a Delaware limited liability company;

ALPINE RED DAWN II GP, LLC, a Delaware limited liability company;

HB2 RED DAWN MIDCO II, LLC, a Delaware limited liability company; and

AGERON ENERGY II, LLC, a Delaware limited liability company;

constitute all of the governing bodies (each, a "*Governing Body*" and collectively, the "*Governing Bodies*"), required by applicable law and each Company's organizational documents (the "*Applicable Requirements*") to act for such Company, and each and all of the undersigned, acting in accordance with the authority contained in the Applicable Requirements, waiving all notice, do hereby consent to and adopt the following resolutions and take the following actions without a meeting, by written consent (this "*Consent*").

*Proper Officers*

NOW, THEREFORE, BE IT RESOLVED, that for purposes of these resolutions, the term "*Proper Officers*" shall mean any one or more of the duly elected Chief Executive Officer, President, Chief Operating Officer, Chief Investment Officer, Chief Financial Officer, Chief Legal Officer and Chief Administrative Officer of each Company, as applicable, acting alone or with any of the other Proper Officers of such Company, and solely for purposes of attesting to or certifying the authenticity of signatures, documents, instruments or agreements, the Secretary of such Company.

13981449v2

*Filing of Bankruptcy Petition*

WHEREAS, the Governing Bodies, have considered the financial and operational aspects of each Company's business;

WHEREAS, each Governing Body has reviewed the historical performance of the applicable Company, the market for such Company's products, and the current and long-term liabilities of such Company; and

WHEREAS, the Governing Bodies have, over the last several months, reviewed the materials presented by the management of and the advisors to each Company regarding the possible need to restructure the Companies, and have analyzed each of the strategic alternatives available to such Governing Body, and the impact of the foregoing on each Company's business and its other stakeholders.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of the Companies, their creditors, employees, members and other interested parties and stakeholders that a petition be filed by each Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

RESOLVED FURTHER, that the Proper Officers of each Company be, and each of them hereby is, authorized on behalf of such Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Proper Officer deems necessary, desirable and proper in connection with each Company's Chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Proper Officers of each Company, on behalf of such Company, are authorized, empowered and directed to retain the law firm of Porter Hedges LLP ("**Porter Hedges**") as bankruptcy counsel to represent and assist each Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance each Company's rights in connection therewith, and the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Porter Hedges;

RESOLVED FURTHER, that the Proper Officers of each Company, on behalf of such Company, are authorized, empowered and directed to retain the services of Houlihan Lokey Capital, Inc. and its affiliates ("**Houlihan**") as each Company's investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Houlihan;

RESOLVED FURTHER, that the Proper Officers of each Company, on behalf of such Company, are authorized, empowered and directed to retain the services of Huron Consulting Services LLC and its affiliates ("**Huron**") as each Company's financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, to provide the Company and each of the Filing Subsidiaries with a Chief Restructuring Officer, a Deputy Chief Restructuring Officer and other additional personnel as required, and to take any and all actions to advance each Company's rights and obligations, and in

connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Huron and the representatives of Huron named below as Chief Restructuring Officer and Deputy Chief Restructuring Officer, respectively;

RESOLVED FURTHER, that the Governing Body of each company hereby elects Ryan Bouley as Chief Restructuring Officer of the Company and Sean Clements as Deputy Chief Restructuring Officer of each Company, to hold such offices until the earlier election and qualification of their respective successors or until their earlier resignation or removal;

RESOLVED FURTHER, that the Proper Officers of each Company, on behalf of such Company, are authorized, empowered and directed to retain the services of Kroll Restructuring Administration LLC and its affiliates ("*Kroll*") as each Company's claims, noticing and solicitation agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Kroll;

RESOLVED FURTHER, that the Proper Officers of each Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED FURTHER, that the Proper Officers of each Company be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of each Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on such Company's assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED FURTHER, that in connection with the Chapter 11 case, the Proper Officers of each Company be, and each of them hereby is, authorized and empowered to enter into a restructuring support agreement among the applicable debtor(s) and the other parties thereto, a plan of reorganization or liquidation, as applicable, and any disclosure statements in connection therewith, and to perform the obligations of each Company, as applicable, contemplated thereunder;

RESOLVED FURTHER, that the Proper Officers of each Company be, and each of them hereby is, authorized on behalf of such Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Proper Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited

3

to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement; and

RESOLVED FURTHER, that any and all actions heretofore taken by a Proper Officer of any Company or the Governing Body of any Company in the name and on behalf of such Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*General*

RESOLVED FURTHER, that each Company and the Proper Officers of such Company, and counsel are, and each of them hereby is, authorized and empowered, for, in the name of and on behalf of such Company to take any and all such further action as may be necessary or proper to carry out the intent and accomplish the purposes of the above resolutions, including, but not limited to, making such filings or applications with the appropriate governmental and regulatory authorities and executing and delivering such documents and instruments as shall be deemed necessary or proper in connection therewith;

RESOLVED FURTHER, that any and all actions heretofore or hereafter taken by the Proper Officers of each Company in connection with any matter referred to or contemplated by the foregoing resolutions are hereby ratified and confirmed as the act and deed of the Company; and

RESOLVED FURTHER, that this Consent may be executed by original or any electronic signature complying with the Electronic Signatures in Global and National Commerce Act of 2000 (including DocuSign) and delivered by facsimile, Portable Document Format (.pdf), or other electronic imaging means, and in any number of counterparts with the same effect as if all parties hereto had signed the same document. All counterparts shall be construed together to constitute one and the same instrument.

[*Signature Pages Follow*]

**Fill in this information to identify the case:**
Debtor name: Alpine Summit Energy Partners, Inc., *et al.*
United States Bankruptcy Court for the: Southern District of Texas (Houston)
Case number (if known): 23-_____ ( )

□ Check if this is an amended filing

Official Form 204

## Chapter 11: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | SOTAOG LLC<br>ATTN: ROBERT ESTILL<br>1707 1/2 POST OAK BLVD<br>STE 264<br>HOUSTON, TX 77056 | SOTAOG LLC<br>ATTN: ROBERT ESTILL<br>PHONE: 281-460-0498<br>EMAIL: REESTILL@SOTAOG.COM | TRADE VENDOR | | | | $4,893,345 |
| 2 | MAGNOLIA OIL & GAS OPERATING, LLC<br>ATTN: DENISE SPEER<br>NINE GREENWAY PLAZA<br>SUITE 1300<br>HOUSTON, TX 77046 | MAGNOLIA OIL & GAS OPERATING, LLC<br>ATTN: DENISE SPEER<br>PHONE: 713-842-9055<br>EMAIL: DSPEER@MGYOIL.COM | ROYALTY & NON-OPERATING WORKING INTEREST | | | | $2,565,751 |
| 3 | BOLD PRODUCTION SERVICES, LLC<br>ATTN: DEBI AVILA<br>10880 ALCOTT DR.<br>SUITE A<br>HOUSTON, TX 77043 | BOLD PRODUCTION SERVICES, LLC<br>ATTN: DEBI AVILA<br>PHONE: 833-369-2653<br>EMAIL: DAVILA@BPS-LLC.COM | TRADE VENDOR | | | | $2,207,235 |
| 4 | COMPLETION EQUIPMENT RENTAL, INC.<br>ATTN: LISA ROBINSON<br>4085 CIBOLO CANYONS STREET<br>SUITE 101<br>SAN ANTONIO, TX 78261 | COMPLETION EQUIPMENT RENTAL, INC.<br>ATTN: LISA ROBINSON<br>PHONE: 210-462-7132<br>EMAIL: AR@COMPLETIONRENTAL.COM | TRADE VENDOR | | | | $2,053,369 |
| 5 | LEGACY ENERGY SERVICES<br>ATTN: JESSICA YANUSHKA<br>3276 COUNTY ROAD 303<br>JOURDANTON, TX 78026 | LEGACY ENERGY SERVICES<br>ATTN: JESSICA YANUSHKA<br>PHONE: 210-289-2482<br>EMAIL: JESSICA@LEGACYENERSERV.COM | TRADE VENDOR | | | | $1,946,856 |
| 6 | SMART OILFIELD SERVICES LLC<br>ATTN: KATLYNN CANNON<br>P.O. BOX 3002<br>LIBERTY, TX 77575 | SMART OILFIELD SERVICES LLC<br>ATTN: KATLYNN CANNON<br>PHONE: 936-336-3768<br>FAX: 936-334-1951<br>EMAIL: AP@SMARTOILFIELDSERVICES.COM | TRADE VENDOR | | | | $1,627,422 |
| 7 | TGM SERVICES INC.<br>ATTN: REBEKAH ZUNIGA<br>P.O. BOX 566<br>GIDDINGS, TX 78942 | TGM SERVICES INC.<br>ATTN: REBEKAH ZUNIGA<br>PHONE: 979-716-8999<br>EMAIL: BEK@TGMSI.COM | TRADE VENDOR | | | | $1,624,585 |
| 8 | GLADIATOR ENERGY, LLC<br>ATTN: CINDY MARTINEZ - AP/AR SUPERVISOR<br>3200 SOUTHWEST FREEWAY<br>SUITE 1275<br>HOUSTON, TX 77027 | GLADIATOR ENERGY, LLC<br>ATTN: CINDY MARTINEZ - AP/AR SUPERVISOR<br>PHONE: 832-372-7315<br>EMAIL: AR@GLADIATORENERGY.COM | TRADE VENDOR | | | | $1,576,340 |
| 9 | ROYALTY E-LINE LLC<br>ATTN: LEEANN COLEMAN<br>9224 US HWY 277<br>CARRIZO SPRINGS, TX 78834 | ROYALTY E-LINE LLC<br>ATTN: LEEANN COLEMAN<br>PHONE: 830-694-3142<br>FAX: 830-694-3142<br>EMAIL: LCOLEMAN@ROYALTYELINE.COM | TRADE VENDOR | | | | $1,550,802 |
| 10 | ESTIS COMPRESSION LLC<br>ATTN: ANGELIA PALMER<br>545 HUEY LENARD LOOP<br>WEST MONROE, LA 71292 | ESTIS COMPRESSION LLC<br>ATTN: ANGELIA PALMER<br>PHONE: 318 397-5557<br>FAX: 903-643-8939<br>EMAIL: APALMER@ESTISCOMPRESSION.COM | TRADE VENDOR | | | | $1,506,978 |
| 11 | TDS ENTERPRISES INC.<br>ATTN: THOMAS (JE) SCHAMBER<br>8 BRANDT RD.<br>BOERNE, TX 78006 | TDS ENTERPRISES INC.<br>ATTN: THOMAS (JE) SCHAMBER<br>PHONE: 307-349-5621<br>EMAIL: DESWYO@GMAIL.COM | TRADE VENDOR | | | | $1,312,933 |
| 12 | RWDY INC<br>ATTN: LYNN WOLLMAN<br>950 ECHO LANE<br>SUITE 200<br>HOUSTON, TX 77024 | RWDY INC<br>ATTN: LYNN WOLLMAN<br>PHONE: 713-984-7554<br>EMAIL: BTO@RWDYINC.COM | TRADE VENDOR | | | | $1,120,550 |
| 13 | FLOW ZONE, LLC<br>ATTN: TONYA WATSON<br>DEPT. 248 P.O. BOX 4346<br>HOUSTON, TX 77210 | FLOW ZONE, LLC<br>ATTN: TONYA WATSON<br>PHONE: 281-406-9402<br>EMAIL: TKWATSON@FLOW-ZONE.COM | TRADE VENDOR | | | | $1,100,364 |
| 14 | EXXON MOBIL CORPORATION<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>5959 LAS COLINAS BOULEVARD<br>IRVING, TX 75039-2298 | EXXON MOBIL CORPORATION<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 972-940-6000 | ROYALTY & NON-OPERATING WORKING INTEREST | | | | $857,851 |
| 15 | QUORUM BUSINESS SOLUTIONS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>811 MAIN STREET<br>SUITE 2000<br>HOUSTON, TX 77002 | QUORUM BUSINESS SOLUTIONS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 713-430-8600<br>EMAIL: REMITTANCE.NOTIFICATION@QUORUMSOFTWARE.COM | TRADE VENDOR | | | | $730,458 |
| 16 | PATRIOT STEEL GROUP, LLC<br>ATTN: BRANDON<br>PO BOX 548<br>BROUSSARD, LA 70518 | PATRIOT STEEL GROUP, LLC<br>ATTN: BRANDON<br>PHONE: 337-400-2061<br>EMAIL: CHRIS@PATRIOTSTEELGROUP.COM | TRADE VENDOR | | | | $720,271 |
| 17 | SOUTH TEXAS FENCING & TRENCHING<br>ATTN: KEVIN KERR<br>PO BOX 1499<br>ALICE, TX 78333 | SOUTH TEXAS FENCING & TRENCHING<br>ATTN: KEVIN KERR<br>PHONE: 361-492-0876 | TRADE VENDOR | | | | $635,800 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 18 | 448 SUPPLY INC.<br>ATTN: ASHLEY LOPEZ<br>1482 FM 448<br>GIDDINGS, TX 78942 | 448 SUPPLY INC.<br>ATTN: ASHLEY LOPEZ<br>PHONE: 979-542-0376<br>EMAIL: AL448SUPPLY2014@GMAIL.COM | TRADE VENDOR | | | | $600,486 |
| 19 | SAN ROMAN RANCH MINERAL PARTNERS, LTD<br>ATTN: LAUREN CHILTON<br>5635 YOLANDA CIRCLE<br>DALLAS, TX 75229 | SAN ROMAN RANCH MINERAL PARTNERS, LTD<br>ATTN: LAUREN CHILTON<br>PHONE: 214-277-4702<br>EMAIL: LAUREN.CHILTON@ICLOUD.COM | ROYALTY & NON-OPERATING WORKING INTEREST | | | | $591,495 |
| 20 | STERLING CRANE LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>9351 GRANT ST.<br>SUITE 250<br>THORNTON, CO 80229 | STERLING CRANE LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 303-422-0434<br>FAX: 303-431-9462<br>EMAIL: PHIBBERT@STERLINGCRANE.COM | TRADE VENDOR | | | | $525,715 |
| 21 | NITRO FLUIDS LLC<br>ATTN: ERIC FONTENOT<br>P.O. BOX 585<br>YORKTOWN, TX 78164 | NITRO FLUIDS LLC<br>ATTN: ERIC FONTENOT<br>PHONE: 361-938-7400 | TRADE VENDOR | | | | $437,156 |
| 22 | TREND SERVICES INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>2825 SE EVANGELINE THRUWAY<br>LAFAYETTE, LA 70508 | TREND SERVICES INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 337-234-7990<br>FAX: 337-232-3709<br>EMAIL: AROBERTS@TSINC.CC | TRADE VENDOR | | | | $379,667 |
| 23 | R & L WATER LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1595 COUNTY ROAD 221<br>GIDDINGS, TX 78942 | R & L WATER LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 512-284-2739 | TRADE VENDOR | | | | $375,000 |
| 24 | MORGAN PETROLEUM TESTERS, INC.<br>ATTN: CHRIS MANNING<br>PO BOX 1006<br>GIDDINGS, TX 78942 | MORGAN PETROLEUM TESTERS, INC.<br>ATTN: CHRIS MANNING<br>PHONE: 979-542-9390<br>FAX: 979-542-9463<br>EMAIL: INFO@MORGANTESTERS.COM | TRADE VENDOR | | | | $359,267 |
| 25 | ACME TRUCK LINE SERVICE INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>MSC-410683<br>NASHVILLE, TN 37241 | ACME TRUCK LINE SERVICE INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 504-368-2510<br>FAX: 888-345-2263<br>EMAIL: CREDIT@ACMETRUCK.COM | TRADE VENDOR | | | | $335,406 |
| 26 | OILFIELD INSTRUMENTATION USA ALDONS<br>ATTN: KEITH PRICE/DEREK COOK<br>PO BOX 51902<br>LAFAYETTE, LA 70505 | OILFIELD INSTRUMENTATION USA ALDONS<br>ATTN: KEITH PRICE/DEREK COOK<br>PHONE: 337-839-1263<br>FAX: 337-982-2344<br>EMAIL: HWHITNEY@OIUSA.COM | TRADE VENDOR | | | | $333,884 |
| 27 | AQUATERRA WATER MANAGMENT<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>10343 W. SAM HOUSTON PKWY N.<br>SUITE 325<br>HOUSTON, TX 77064 | AQUATERRA WATER MANAGMENT<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 979-690-2226 | TRADE VENDOR | | | | $330,825 |
| 28 | RICHARD'S HOT OIL & LEASE SERVICE<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>P.O BOX 816<br>GIDDINGS, TX 78942 | RICHARD'S HOT OIL & LEASE SERVICE<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>EMAIL: RHOS1983@HOTMAIL.COM | TRADE VENDOR | | | | $320,071 |
| 29 | ROCKING W ENERGY SERVICES, LLC<br>ATTN: KACY FRAZIER - CONTROLLER<br>PO BOX 458<br>BANQUETE, TX 78339 | ROCKING W ENERGY SERVICES, LLC<br>ATTN: KACY FRAZIER - CONTROLLER<br>PHONE: 361-813-5174<br>EMAIL: KACY@ROCKINGWES.COM | TRADE VENDOR | | | | $301,945 |
| 30 | GEOSTEERING LLP<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>77 SUGAR CREEK CENTER BLVD.<br>STE. 385<br>SUGARLAND, TX 77478 | GEOSTEERING LLP<br>ATTN: PRESIDENT OR GENERAL COUNSEL | TRADE VENDOR | | | | $296,778 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Alpine Summit Energy Investors, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Fed. R. Bankr. P. 1007(a)(1), 1007(a)(3), and 7007.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/05/2023     X  /s/ Craig Perry
                               Signature of individual signing on behalf of debtor

                               Craig Perry
                               Printed name

                               CEO and Chairman of the Board Alpine Summit Energy Partners, Inc.
                               Position or relationship to debtor